Case 1:04-cr-00966-FB   Document 888   Filed 04/18/13   Page 1 of 5 PageID #: 4961

**MANDATE**

10-0103-cr
United States v. Allen

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 28th day of March, two thousand thirteen.

Present:
        ROBERT D. SACK,
        PETER W. HALL,
        DEBRA ANN LIVINGSTON,

        *Circuit Judges.*

---

United States of America,

        *Appellee*,

        v.                  No. 10-0103-cr

Russell Allen,

        *Defendant – Appellant*.

---

FOR APPELLANT:        Xavier R. Donaldson, New York, New York.

FOR APPELLEE:        Carolyn Pokorny and Susan Corkery, Assistant United States Attorneys, *for* Loretta E. Lynch, United States Attorney for the Eastern District of New York, Brooklyn, New York.

1

MANDATE ISSUED ON 04/18/2013

Appeal from a judgment of the United States District Court for the Eastern District of New York (Block, *J.*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the district court is AFFIRMED.

Defendant-Appellant Russell Allen ("Allen") appeals from the district court's judgment convicting Allen of one count of racketeering, in violation of 18 U.S.C. § 1961(1), and imposing a sentence of 360 months' incarceration, five years' supervised release, restitution of $18,859, and a special assessment of $100.  On appeal, Allen argues that the government violated his plea agreement during sentencing and that his sentence is substantively unreasonable.  We agree with Allen that the government clearly violated the plea agreement when it advocated for a life sentence, but we affirm the judgment of the district court because we conclude the error did not affect Allen's substantial rights and that his sentence to 360 months' imprisonment was substantively reasonable.  We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

First, Allen argues that the government breached the terms of his plea agreement and requests that we remand for resentencing.  We review plea agreements *de novo*, examining "what the parties reasonably understood to be the terms of the agreement."  *United States v. Vaval*, 404 F.3d 144, 152-53 (2d Cir. 2005) (internal quotation marks omitted).  We strictly construe the agreement against the government, and, "because plea bargains require defendants to waive fundamental constitutional rights, prosecutors are held to meticulous standards of performance."  *Id.*  When a defendant fails to object to a breach, however, as occurred here, we review for plain error.  *Puckett v. United States*, 556 U.S. 129, 133-34, 143 (2009) (holding plain error standard of review applied to unpreserved claim that government breached plea agreement).  That is

2

"[t]here must be (1) error, (2) that is plain, and (3) that affects substantial rights; and if all three of those conditions are met, an appellate court may then exercise its discretion to notice a forfeited error, but only if (4) the error seriously affects the fairness, integrity, or public reputation of judicial proceedings." *United States v. Pescatore*, 637 F.3d 128, 141 (2d Cir. 2011) (internal quotation marks and alterations omitted).

We have no doubt that the government explicitly advocating for a "life sentence," which fell within the Guidelines range of 360 months to life, was a breach of a term of the plea agreement which provides that the government "will take no position concerning where within the Guidelines range determined by the Court the sentence should fall." We find it particularly disconcerting that not only did the Assistant United States Attorney breach the plea agreement, both in the language of the government's sentencing memorandum and in its advocacy before the district court at sentencing, but also that the United States Attorney's Office for the Eastern District of New York did not unconditionally acknowledge this violation of the plea agreement in its briefing to this Court. We hold the error to be harmless because the district court in its wisdom sentenced the defendant at the opposite end of the sentencing range from the one for which the government was advocating, and thus the government's breach did not affect the defendant's substantial rights. Nonetheless, we take this opportunity to remind the government that we will not tolerate similar breaches in the future.

Second, Allen challenges the substantive reasonableness of his sentence of 360 months' imprisonment. Allen's plea agreement included an appeal waiver that, by its terms, precludes his taking an appeal from the sentence imposed. "It is by now well established that a knowing and voluntary waiver of the right to appeal is generally enforceable." *United States v. Hernandez*, 242 F.3d 110, 113 (2d Cir. 2001). There is every indication here that Allen's waiver was

3

knowing and voluntary. That said, it is also clear that a "defendant may appeal if the Government breaches the terms of the plea agreement." *United States v. Rosa*, 123 F.3d 94, 98 (2d Cir. 1997); *see also United States v. Gonzalez*, 16 F.3d 985, 988-90 (9th Cir. 1993). Even if we review the merits of Allen's challenge, however, we still affirm the judgment of the district court because, under our "deferential abuse-of-discretion standard," the sentence imposed is substantively reasonable. *United States v. Cavera*, 550 F.3d 180, 189-91 (2d Cir. 2008) (en banc) (articulating "reasonableness" review); *see also United States v. Verkhoglyad*, 516 F.3d 122, 134 (2d Cir. 2008) (noting we are undecided whether plain error review applies to an unpreserved substantive challenge to a sentence).

When there is no procedural error, as is the case here with respect to Allen's sentencing, we will set aside the substantive determination of the district court only in the "proverbial rare case," such that our review becomes "a backstop for those few cases that, although procedurally correct, would nonetheless damage the administration of justice because the sentence imposed was shockingly high, shockingly low, or otherwise unsupportable as a matter of law." *United States v. Rigas*, 583 F.3d 108, 123 (2d Cir. 2009) (internal quotation marks omitted). "As to substance, we will not substitute our own judgment for the district court's on the question of what is sufficient to meet the § 3553(a) considerations in any particular case." *Cavera*, 550 F.3d at 189 (citing *United States v. Fernandez*, 443 F.3d 19, 27 (2d Cir. 2006)). In Allen's case, his sentence is neither shockingly high, *Rigas*, 583 F.3d at 123, nor one for which we would substitute our view for the district court's consideration of the § 3553(a) factors, particularly, as here, when the record shows that the district court carefully weighed and considered the § 3553(a) factors during the sentencing proceeding.

We have considered all of Allen's remaining arguments and find them to be without merit. The judgment of the district court is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

A True Copy
Catherine O'Hagan Wolfe, Clerk
United States Court of Appeals, Second Circuit

5