**MANDATE**

21-1865-cr
*United States v. Robinson (Allen)*

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.   CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").   A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 21st day of June, two thousand twenty-two.

Present:
> DEBRA ANN LIVINGSTON,
> > *Chief Judge*,
> ROSEMARY S. POOLER,
> ROBERT D. SACK,
> > *Circuit Judges*.

_____

UNITED STATES OF AMERICA,

> *Appellee*,

v.                                                                      21-1865-cr

RONALD ROBINSON, AKA Gutta, AKA Peoples, KENNETH MCGRIFF, AKA Supreme, AKA Preme, AKA Rick Coleman, AKA Kevin Long, AKA John Simms, AKA Lee Tuten, DENNIS CROSBY, AKA Howbout, AKA Divine, VICTOR WRIGHT, AKA Vincent Taylor, AKA Vicky Vale, NICOLE BROWN, AKA Nicole Spooner, AKA Nicole Lowe, AKA Nicole Lawe, IRVING LORENZO, AKA Irv Gotti, CHRISTOPHER LORENZO, AKA Chris Gotti, MI RECORDS, INC., IG RECORDS, INC., CYNTHIA BRENT, AKA Cynthia Carr, VASH-TI PAYLOR, EMANUEL MOSLEY, AKA Dog, AKA Manny, ALVIN DEREK SMILEY, BARRY AMMON MUNGO, AKA Barry Broughton,

**MANDATE ISSUED ON 10/07/2022**

*Defendants*,

RUSSELL ALLEN,

                          *Defendant-Appellant*.

_____

| | |
|---|---|
| For Defendant-Appellant: | Russell Allen, *pro se*, Yazoo City, MS. |
| For Appellee: | Saritha Komatireddy, Victor Zapana, Assistant United States Attorneys, *Of Counsel*, *for* Breon Peace, United States Attorney for the Eastern District of New York, Brooklyn, NY. |

Appeal from an order of the United States District Court for the Eastern District of New York (Block, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the July 6, 2021, order of the district court is **AFFIRMED**.

On June 4, 2008, Defendant-Appellant Russell Allen ("Allen") pleaded guilty to a one-count superseding information charging him with racketeering in connection with a criminal enterprise premised on one act of murder and a second act of conspiracy to commit murder, in violation of 18 U.S.C. §§ 1961(1), (5), 1962(c), and 1963. The district court sentenced him principally to 360 months' imprisonment. In April 2020, Allen moved for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(1)(A)(i), arguing that extraordinary and compelling circumstances warranted relief because his bradycardia (slow heart rate) and heart murmur increased his risk of contracting COVID-19 and that the sentencing factors of 18 U.S.C. § 3553(a) weighed in his favor considering the educational, vocational, and rehabilitative programs he completed while

2

incarcerated.   The district court denied the motion in a text order.   In May 2021, Allen again moved for a sentence reduction, raising the same arguments that he advanced in his first motion and adding that an allegedly defamatory (and since retracted) magazine article claiming that he cooperated in a co-conspirator's prosecution had imperiled his life in prison.   The district court denied the motion in another text order, which Allen now appeals.   We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

*     *     *

"We typically review the denial of a motion for a discretionary sentence reduction for abuse of discretion."   *United States v. Holloway*, 956 F.3d 660, 664 (2d Cir. 2020).   A "district court has abused its discretion if it based its ruling on an erroneous view of the law or on a clearly erroneous assessment of the evidence, or rendered a decision that cannot be located within the range of permissible decisions."   *United States v. Borden*, 564 F.3d 100, 104 (2d Cir. 2009) (internal citation and quotation marks omitted).   "[O]nce we are sure that the sentence resulted from the reasoned exercise of discretion, we must defer heavily to the expertise of district judges." *United States v. Cavera*, 550 F.3d 180, 193 (2d Cir. 2008).

Title 18, section 3582(c)(1)(A) provides that a district court "may reduce" a defendant's term of imprisonment "after considering the factors set forth in section 3553(a)," if it finds that "extraordinary and compelling reasons warrant such a reduction."   18 U.S.C. § 3582(c)(1)(A)(i); *accord United States v. Brooker*, 976 F.3d 228, 235 (2d Cir. 2020).   Those sentencing factors include, among others, "the nature and circumstances of the offense and the history and characteristics of the defendant," and "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct[.]"

3

18 U.S.C. § 3553(a)(1), (6).   Thus, before granting a sentence reduction, the district court must find that the inmate has proffered circumstances that "are indeed 'extraordinary and compelling' such that, in light of these § 3553(a) factors, a sentence reduction is justified under § 3582(c)(1)(A) and would not simply constitute second-guessing of the sentence previously imposed." *United States v. Keitt*, 21 F.4th 67, 71 (2d Cir. 2021) (per curiam).   Moreover, "if a district court determines" that either "extraordinary and compelling reasons" or "satisfaction of the § 3553(a) factors" is lacking, "it need not address" the other of these two conditions for a sentence reduction. *Id.* at 73.

Allen argues on appeal that extraordinary and compelling reasons warrant relief, given that (1) his medical conditions increased his risk for contracting COVID-19; (2) the publication of the allegedly defamatory article made his incarceration harsher and more punitive; and (3) his conviction under the Racketeer Influenced and Corrupt Organizations ("RICO") Act violated *Apprendi v. New Jersey*, 530 U.S. 466 (2000).   He further argues that the district court failed to assess the § 3553(a) factors, including his rehabilitation in prison and the disparity in sentences among his co-defendants.   None of his arguments have merit.

The district court properly dispensed with Allen's first argument by ruling that "neither the COVID-19 pandemic nor Allens [sic] health conditions are extraordinary and compelling reasons for release" for the reasons the court had stated in its order denying Allen's first motion for compassionate release — namely, that "[t]here [wa]s no evidence that . . . his heart murmur and bradycardia would put him at increased risk of contracting COVID-19," especially in light of the safety measures the Bureau of Prisons implemented at his facility.   Gov't App'x 10–11.   Allen provided no evidence that he in fact had any heart conditions, that he was not being properly treated

for them, or that such conditions were considered to place an individual at an elevated risk if he were to contract COVID-19.   He also provided no documentation concerning the COVID-19 protocols at his facility and whether they threatened his health and safety.   The "mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release."   *United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020).   On this sparse record, the district court did not abuse its discretion in ruling that COVID-19 and Allen's health conditions do not constitute extraordinary and compelling reasons warranting relief.

Nor did the 2007 publication of the magazine article constitute an extraordinary and compelling circumstance.   Allen argued before the district court, and reiterates on appeal, that the article placed his life in peril and caused tremendous hardship.   The court dispensed with this argument by noting that the article had been retracted.   Moreover, Allen has not elaborated on how his life has been imperiled such that the alleged defamation could have risen to the level of an extraordinary and compelling circumstance, and we do not credit his conclusory, threadbare statement that the since-retracted article has jeopardized his life in prison.

Allen further argues that the district court abused its discretion by failing to consider "any" of the § 3553(a) sentencing factors, particularly his history and characteristics (he completed rehabilitative, educational, and professional programs while incarcerated), the need to avoid sentencing disparities with his co-defendants, and whether he posed a danger to the community. His position that the district court did not consider "any" of the sentencing factors is unsupported by the record.   After rejecting his arguments that extraordinary and compelling circumstances warranted relief, the district court also rejected his "alternative reasons" justifying a sentence

reduction, which included his § 3553(a) arguments, and specifically held that his efforts at rehabilitation, "though commendable, do[] not justify release in the absence of other extraordinary and compelling reasons." Gov't App'x 10–11. Thus, the plain text of the order indicates that the district court considered (and rejected) Allen's § 3553(a) arguments when it addressed his "alternative reasons" for a reduction. The district court was not required to "address every argument the defendant has made or discuss every § 3553(a) factor individually," such as, for example, whether Allen still posed a "danger to the community." *United States v. Rosa*, 957 F.3d 113, 119 (2d Cir. 2020) (internal citation and quotation marks omitted). Although the court's reasoning in its second order was brief, when ruling on a § 3582(c) motion, "a district court need only 'adequately explain the chosen sentence to allow for meaningful appellate review.'" *United States v. Halvon*, 26 F.4th 566, 570 (2d Cir. 2022) (per curiam) (quoting *Chavez-Meza v. United States*, 138 S. Ct. 1959, 1965 (2018)). Where "the record as a whole satisfies [the Court] that the judge considered the parties' arguments and ha[d] a reasoned basis for exercising his own legal decisionmaking authority," a more "detailed explanation" is not required. *Chavez-Meza*, 138 S. Ct. at 1967 (internal citation and quotation marks omitted).

Moreover, the district court did not abuse its discretion in rejecting Allen's § 3553(a) arguments. Section 3553(a)(6) "requires a district court to consider nationwide sentence disparities, but does not require a district court to consider disparities between co-defendants." *United States v. Frias*, 521 F.3d 229, 236 (2d Cir. 2008). Allen did not show that he was similarly situated to defendants who received lower sentences: Some had testified as cooperating witnesses, and some never fired at the two people who were killed as part of the RICO conspiracy. As to his rehabilitation, while the court found it "commendable," Gov't App'x 11, it had also

presided over a death-penalty-eligible trial of a co-defendant that included testimony concerning Allen's crimes that it described as "something that shocks the Court," Gov't App'x 101.   At Allen's original sentencing, the court fully explained its reasons for imposing the initial 360-month sentence after analyzing the § 3553(a) factors, including the seriousness of his offense, his history and characteristics, and the need to promote deterrence and protect the public.   Gov't App'x 126–28; *see United States v. Jones*, 17 F.4th 371, 375 (2d Cir. 2021) (rejecting argument "that the District Court—which previously balanced the § 3553(a) factors when it sentenced [the defendant]—should have rebalanced those factors in light of the pandemic" because the court "considered the § 3553(a) factors as of the time [the defendant] filed the [compassionate release] petition").   Accordingly, the district court did not abuse its discretion in holding that Allen's rehabilitation, given his failure to establish extraordinary and compelling reasons for relief, was insufficient to justify relief.[1]

*     *     *

We have considered all of Allen's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the July 6, 2021, order of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court



---

[1]  We note also that we do not consider Allen's arguments, raised for the first time on appeal, that (1) his obesity increased his risk of contracting COVID-19; and (2) under the rule established in *Apprendi*, his sentence should have been limited to a twenty-year statutory maximum because his RICO conviction under 18 U.S.C. § 1962(c) was infirm.   *See United States v. Dawkins*, 999 F.3d 767, 792 (2d Cir. 2021) (holding that an argument not presented to the district court is forfeited).

A True Copy
Catherine O'Hagan Wolfe, Clerk
United States Court of Appeals, Second Circuit
