UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------x
UNITED STATES,

   -against-

RUSSELL ALLEN,

         Defendant.
---------------------------------------------------x

**MEMORANDUM AND ORDER**

Case No. 1:04-cr-00966-FB-15

**BLOCK, Senior District Judge:**

Defendant Russell Allen has filed his third motion seeking compassionate release under 18 U.S.C. 3582(c)(1)(A). For the following reasons, Allen's motion is denied.

**I.**

Allen plead guilty on June 3, 2008, to racketeering in violation of 18 U.S.C. § 1962(c), predicated upon his involvement in two murders orchestrated by Kenneth McGriff and the "McGriff Enterprise." After his plea, this Court sentenced him to a Guideline range of 360 months. Allen subsequently appealed, *inter alia*, on the ground that the Government breached its plea agreement by advocating for a life sentence during sentencing. The Second Circuit agreed that the Government had breached its plea agreement but affirmed his conviction nonetheless because "the district court in its wisdom sentenced the defendant at the

opposite end of the sentencing range from the one for which the government was advocating." *See United States v. Allen*, 521 F. App'x 12, 13 (2d Cir. 2013).

Allen has moved for compassionate relief twice before. The Court denied his first motion because his health conditions and potential exposure to COVID-19 did not amount to "extraordinary and compelling" reasons within the meaning of § 3582(c). It denied his second motion principally because the Government's breach of its plea agreement during his sentencing was harmless error. Allen now moves for compassionate release for a third time based upon (i) subsequent changes in the law, (ii) sentencing disparities (iii) family circumstances, and (iv) his rehabilitation.

## II.

Section 3582(c)(1) permits a district court to reduce a term of imprisonment if after considering the factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable, it finds that extraordinary and compelling reasons warrant such a reduction. *United States v. Fernandez*, --- F.4th ----, No. 22-3122-CR, 2024 WL 2926825, at *4 (2d Cir. June 11, 2024). District courts may "consider the full slate of extraordinary and compelling reasons that an imprisoned person might bring before them." *United States v. Brooker*, 976 F.3d 228, 237 (2d Cir. 2020).

Allen's attempts to establish extraordinary and compelling circumstances are each without merit.

2

First, Allen argues that "intervening change in the law with *Apprendi*" warrants a sentence reduction. Def. Mot. 18. However, no relevant change has occurred. Construing his motion liberally, Allen is referencing the Supreme Court decision in *Alleyne v. United States*, 570 U.S. 99 (2013) as the intervening change in the "*Apprendi* rule." In *Alleyne*, the Supreme Court held that any fact that increases the mandatory minimum sentence for a crime is an "element" that must be ruled on by a fact-finding jury. *Id.* at 111-12. Allen parallelly argues that his "sentence enhancement factors of serious bodily injury and death" were matters of fact that required submission to a jury. However, the government correctly notes that Allen waived his right to a jury trial by virtue of his guilty plea and that Allen's admission is to be treated as if those elements were found by a jury beyond a reasonable doubt. *See United States v. Booker*, 543 U.S. 220, 224 (2005).

Second, Allen cites the fact that the discrepancy between his 360-month sentencing and the 2020 Median 255-month sentencing for murder as a factor constituting an extraordinary and compelling reason for his release. Yet several of Allen's co-defendants received comparable or more severe sentences, and Allen's sentencing was at the low end of the Sentencing Guideline recommendations given his background and circumstances. Thus, any alleged discrepancies in sentencing in no way constitute extraordinary or compelling factors warranting release.

3

The family circumstances Allen cites, namely his elderly mother who currently lives alone, also fail to meet the bar of extraordinary and compelling. The death of Mrs. Allen's previous caretakers is tragic. However, Allen has not sufficiently established that he would be the sole caretaker in lieu of his siblings, of which he has several. Moreover, Allen has failed to prove that Mrs. Allen is in dire need of a caretaker. No medical records have been provided, nor does Allen allege that his mother's health issues are the type of "dire conditions" that create extraordinary and compelling reasons justifying release. *See United States v. Gonzalez*, No 16-CR-826, 2023 WL 6930758, at *4 (S.D.N.Y. Oct. 19, 2023) ("[W]hen a defendant argues that his family circumstances warrant a sentence reduction, courts generally require a showing of evidence from several sources indicating that the defendant is the only available caregiver for a family member in dire conditions, before concluding that an extraordinary and compelling reason has been established.") (quotation omitted).

Lastly, Allen's good behavior is commendable, and the steps Allen plans to take upon release are incredibly charitable and show a commitment to making positive contributions to society — a fact that has been shown to support the finding of extraordinary and compelling circumstances. *See United States v. Nelson*, No. 10-CR-820 (NGG), 2022 WL 1469465, at *5 (E.D.N.Y. May 10,

4

2022). However, it is well established that rehabilitation alone cannot be considered an extraordinary and compelling reason. *See United States v. Brooker*, 976 F.3d 228 (2d Cir. 2020). Where a criminal defendant seeks "decreased punishment, he or she has the burden of showing the circumstances warrant that decrease." *United States v. Butler*, 970 F.2d 1017, 1026 (2d Cir. 1992). Here, Allen has failed to meet his burden of establishing "extraordinary and compelling" circumstances. *Brooker*, 976 F.3d at 237.

### III. CONCLUSION

For the foregoing reasons, Allen's motion for compassionate release is DENIED.

**SO ORDERED.**

    /S/ Frederic Block_____
FREDERIC BLOCK
Senior United States District Judge

Brooklyn, New York
June 21, 2024